### GAULT v. WHITE et al.

### In re BEINDORFF.

(Circuit Court of Appeals, Eighth Circuit. March 20, 1924.)

No. 6405.

1. Bankruptcy ⊜=184(2)—Unrecorded bill of sale of bankrupt's fixtures held void.

An unrecorded bill of sale of the fixtures of bankrupt's florist business to an attorney, who represented seller of florist business to bankrupt, and who had his office on the balcony of the flower shop, where he could observe the business done by the bankrupt, the control and conduct of the business being in the bankrupt alone, held void, under Comp. St. Neb. 1922, § 2461, rendering void such a sale, unless buyer took and kept possession.

2. Bankruptcy ⊜=467—Views of referee and trial court on conflicting evidence presumptively correct.

The views of the referee and the trial court on conflicting evidence are presumptively correct.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

In the matter of Arthur B. Beindorff, bankrupt, in which Herbert T. White was appointed trustee. From an order affirming the action of the referee in denying two claims of Norman C. Gault, claimant appeals. Affirmed.

Irene C. Buell, of Ashland, Neb., for appellant.

H. T. White, of Omaha, Neb. (John L. Ibson, of Omaha, Neb., on the brief), for appellees.

Before STONE and KENYON, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. [1] Appellee is trustee of Arthur B. Beindorff, bankrupt, and, as such, in charge of the florist shop, fixtures and accounts belonging to the bankrupt. Appellant filed a claim setting forth that the fixtures belonged to him and also that the estate owed him salary or wages amounting to about $1,800. The referee denied the claim in both respects. From an order affirming this action of the referee, this appeal is taken.

The claim to the fixtures is based on an alleged bill of sale from the bankrupt to appellant. This bill of sale was never recorded, and, there-

⊜=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fore, was void under the state law (section 2461, Comp. St. Neb. 1922) unless appellant took and kept possession of the fixtures thereunder. While several points are argued in respect to this portion of the claim, the vital point at issue is whether appellant had possession under this bill of sale.

This florist business had been purchased by the bankrupt from one Donaghue and the contract of sale provided for certain periodical payments from the earnings of the bankrupt to be paid to appellant for application by him upon debts owing other persons by Donaghue. Appellant was a practicing attorney and had his office on a balcony in the flower shop; there he had a desk, chair and some other necessary office furniture. Doubtless, one of the purposes of appellant having his office there was to be where he could intimately observe the business done by the bankrupt. He could thus protect the interests of Donaghue by seeing that fair payments were made to appellant, as Donaghue's representative, under the contract of sale. But a careful consideration of all of the evidence convinces us that this supervision, if it was such, had nothing to do with the control or conduct of the business; that such control and conduct were alone in the bankrupt; that, in conducting such business, the bankrupt was in complete and exclusive actual possession and control of the fixtures here involved and that he was using them continually in the conduct of his business as a florist. Because of this failure to record the bill of sale as required by the state statute and because of the entire absence of actual possession of the fixtures by appellant thereunder, we think the referee and the trial court correctly determined this point.

[2] As to his claim for salary, the evidence is in direct conflict and we see no reason for overturning the views of the referee and trial court thereon which are presumptively correct.

The order from which the appeal is taken is affirmed.